PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/07/99
THOMAS  K. KAHN
CLERK**

No. 96-3075

D. C. Docket No. 91-747-Civ-J-99(S)

GONZALO AGUILAR, M.D., DOROTEO
C. AUDIJE, M.D., et al.,

Plaintiffs-Appellants,

versus

SOUTHEAST BANK, N.A., a national
banking association, f.k.a First Federal
Savings and Loan Association of Jacksonville,

Defendant-Appellee,

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Southeast Bank, N.A.,

Receiver-Appellee.

--------------------------
Appeal from the United States District
Court for the Middle District of Florida
--------------------------
**(June 7, 1999)**

Before ANDERSON, Chief Judge,  BIRCH, Circuit Judge, and WOODS*, Senior District Judge.

_____

*Honorable Henry Woods, Senior U. S. District Judge for the Eastern District of Arkansas, sitting
by designation.

PER CURIAM:

The facts in this case are set forth in our original opinion in Aguilar v. Southeast Bank, 117 F.3d 1368 (11th Cir. 1997). Because important questions of Florida real property law were involved, we decided to seek the guidance of the Florida Supreme Court before reaching our decision. Accordingly, the following question was certified to the Florida Supreme Court:

> WHETHER A DEFENDANT WHO IS NOT AN OBLIGOR ON THE ORIGINAL NOTE AND MORTGAGE IN AN *IN REM* FORECLOSURE ACTION IS REQUIRED TO BRING, AS A COMPULSORY COUNTERCLAIM, TORT CLAIMS ARISING OUT OF THE SAME OPERATIVE FACTS AS THOSE OF THE FORECLOSURE ACTION.

The question was slightly modified by the Supreme Court as follows:

> WHETHER UNDER LONDONO V. TURKEY CREEK, INC., 609 So.2d 14 (Fla. 1992), A DEFENDANT WHO IS NOT AN OBLIGOR ON THE ORIGINAL NOTE AND MORTGAGE IN AN *IN REM* FORECLOSURE ACTION IS REQUIRED TO BRING, AS A COMPULSORY COUNTERCLAIM, ALL TORT CLAIMS ARISING OUT OF THE FORECLOSURE ACTION.

The certified question was answered in the negative. Pursuant to this answer, the matter is REMANDED to the United States District Court for the Middle District of Florida, No. 91-747-Civ-J-99(S), for adjudication of the tort claims of the doctors who had agreements to purchase condominiums in the medical office complex being developed by the GIPP Partnership. These claims alleged tortious interference with a contractual relationship, based on the damages they suffered when the Bank allegedly breached the loan extension agreement between the Bank and GIPP Partnership.

IT IS SO ORDERED.